Dear Secretary Denton:
Reference is made to the request for the opinion of this office concerning a number of questions pertaining to the Transportation Trust Fund ("TTF"), specifically the Transportation Infrastructure Model for Economic Development Program ("TIMED Program").
 a. Do the amounts specified in Revised Statutes 47:820.2(B)(1) serve as expenditure limits on each project listed therein, insofar as TIMED Funds and including TIMED Bonds, are concerned? May other fund sources, i.e., Federal, regular trust funds, etc., be used to complete these projects without regard to the expenditure limits set forth in R.S. 47:820.2(B)(1)?
Article VII, Section 27 of the Louisiana Constitution created the TTF within the state treasury and specifically provides with regards to the TIMED Program as follows in pertinent part:
 " . . . Unless pledged to the repayment of bonds authorized in Paragraphs (C) or (D) of this Section, the monies in the trust fund allocated to ports, airports, flood control, parish transportation, and state highway construction shall be appropriated annually by the legislature only pursuant to programs established by law which establish a system of priorities for the expenditure of such monies, except that the Transportation Infrastructure Model for Economic Development, which shall include only those projects enumerated in House Bill 17 of the 1989 First Extraordinary Session of the Legislature, shall be funded as provided by law. . ." (Emphasis supplied)
The constitution limits the projects which can be funded through the TIMED Program to those listed in House Bill 17 of the 1989 First Extraordinary Session of the Legislature ("H.B. 17"). H.B. 17 became Act 16 of the 1989 First Extraordinary Session. Act 16's effective date was based upon the proposed constitutional amendment introduced as House Bill 1 of that same session, being approved by the voters. It was not. It was the proposed constitutional amendment from the Second Extraordinary Session of 1989 that was approved by the voters and ultimately became Article VII, Section 27 of the Louisiana Constitution. Because the Constitution limits the projects funded from the TIMED Program to those set forth in a bill, rather than an act, it is not possible to amend the list of projects for which the TIME monies can be used. That list could only be changed with an amendment to the Constitution.
While the Constitution limits the projects which may be included in the TIMED Program to "only those projects enumerated in House Bill 17 . . .", there is no reference to the amount set forth next to each project in H.B. 17. H.B. 17 lists eleven highway projects, three bridges, the Port of New Orleans and the New Orleans International Airport and sets forth specific dollar amounts for each project. The same list of projects and amounts is set forth in La. R.S. 47:820.2(B)(1). It is the opinion of this office that while the project descriptions are limited in the Constitution to the descriptions contained in H.B. 17, there is not a corresponding limitation on the dollar amounts for the projects. Therefore, the legislature could amend the estimated cost of each project, by amending the dollar amounts set forth in La. R.S. 47:820.2(B)(1).
If there are not sufficient monies to complete all of the projects in the dollar amounts listed in H.B. 17 or La. R.S.47:820.2(B)(1), additional funds could be appropriated from other sources for completion of the projects. Other sources would include federal monies as well as non-TIME TTF monies. Furthermore, there could be a reallocation of TIMED monies in accordance with R.S. 47:820.2(E) which provides as follows:
 "Any monies allocated for any project as specified in Subparagraphs (B)(1)(a) and (b) of this Section not needed for such project may be reallocated for the completion of any other project or projects specified. Any monies not needed for the completion of such projects shall be used for purposes not inconsistent with the Transportation Trust Fund." (Emphasis added)
 b. The R.S. 47:820.2(E) provides, in part, that "Any monies allocated for any project as specified in Subparagraphs (B)(1)(a) and (b) of this section not needed for such project may be reallocated for the completion of any other project or projects specified."
 (1) May the reallocation referenced above be made by the DOTD, or must there be a Legislative Act to reallocate the funds?
R.S. 47:820.2(B)(1) provides that the proceeds of the four cents tax levied by R.S. 47:820.1, and the bonds issued pursuant to Article VII, Section 27(C), shall be issued solely and exclusively "for the following projects and in the followingamounts . . ." (Emphasis supplied) Article VII, Section 27(B) speaks in terms of appropriations by the legislature, as follows in pertinent part:
 "(B) The monies in the trust fund shall be appropriated
or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems . . . Unless pledged to the repayment of bonds authorized in Paragraphs (C) or (D) of this Section, the monies in the trust fund . . . shall be appropriated annually by the legislature only pursuant to programs established by law. The state generated tax monies appropriated for ports . . .; provided, however, that no less than the avails of one cent of the tax on gasoline and special fuels shall be appropriated each year . . . The annual appropriation for airports . . ." (Emphasis supplied)
It is the opinion of this office that the reallocation may only occur through an act of the legislature.
In accord, see Atty.Gen.Op. Nos. 93-259, 94-147.
 (2) May a projected determination of an underrun on a given project be made, or must there be an actual underrun determined by the completion of the project, before those funds can be reallocated?
It is the opinion of this office that the reallocation cannot occur prior to a final determination that monies "are not needed" for the project for which there is an underrun. This determination by DOTD may be made prior to completion of the project.
 (3) Upon the determination of an underrun on a given project, by means of an estimation or upon actual completion of the project, can the funds be reallocated even though the combined projects are expected to experience a significant overrun (currently approximately $1 billion), since many projects will not move forward until the funding dilemma is resolved?
Yes. R.S. 47:820.2(E), quoted above, allows for a reallocation from one TIMED project to certain other TIMED projects, even though there is a significant overrun estimated for the completion of all TIMED projects.
 (4) Can funds be reallocated from projects which were grossly underestimated (see attached table of original and current estimates) to permit completion of projects which were more accurately estimated and can be completed by reallocation of funds?
Yes, if there is a determination by DOTD that monies allocated for one of the projects listed in subparagraph (B)(1)(1) and (b) of R.S. 47:820.2 are not needed for such project, the legislature may reallocate those monies for the completion of any other project or projects specified.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/
Date Received: 12/8/95
Date Released:
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL